UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LUX JUCUM,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden Otay Mesa Detention Center; TODD BLANCHE, Acting United States Attorney General; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; and PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,<br><br>                              Respondents. | Case No.: 3:26-cv-4364-JES-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

    Before the Court is Petitioner Pedro Lux Jucum's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a return to the petition. ECF No. 4 ("Return"). Petitioner filed a Traverse. ECF No. 5.

1

Petitioner is a native of Guatemala who came to the United States in 2011, fleeing crime and violence in his home country. Pet. ¶ 28. He was not apprehended at that time. *Id.* Respondents later initiated removal proceedings against Petitioner but allowed him to remain at liberty under conditional parole and work authorization. *Id.*; Return at 2. His removal proceedings were later closed. Pet. ¶ 28. On June 27, 2026, Petitioner was arrested during a vehicle stop, detained by Immigration and Customs Enforcement, and sent to Otay Mesa Detention Center, where he currently remains. *Id.* ¶ 29. He alleges that prior to his re-detention, he was never provided any notice or opportunity to be heard regarding an individualized determination of custody. *Id.* ¶¶ 34-36.

In their return, Respondents acknowledge that Petitioner had previously been released on parole, and that the Ninth Circuit has held that such petitioners are not mandatorily detained under 8 U.S.C. § 1225(b). Return at 2 (citing *Rodriguez Vazquez* v. Bostock, No. 25-6842, --- F.4th --- (9th Cir. July 30, 2026)). As such, Respondents state that "the government does not oppose the petition and defers to the Court on the appropriate relief." *Id.*

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government on conditional parole that was not properly revoked. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

//

//

//

//

3:26-cv-4364-JES-DEB

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Clerk of Court is directed to close the case. The Parties are **ORDERED** to file a Joint Status Report by **August 7, 2026**, confirming that Petitioner has been released.

    **IT IS SO ORDERED.**

Dated: August 5, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge